**ERICK M. FERRAN (SBN 9554)**
HITZKE & FERRAN, LLP
2110 E. Flamingo Road, Suite 206
Las Vegas, NV 89119
Phone: (702) 476-9668
Fax: (702) 462-2646
Email: erick.ferran@hitzkelaw.com
Attorneys for Plaintiff JUDY WONG

**WILLIAM S. WONG**
P.O. Box 466
Meadow Vista, CA 95722
(916) 747-7571
Email: william.s.wong12@gmail.com
In Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### SOUTHERN DIVISION

| | |
|---|---|
| JUDY WONG; and WILLIAM S. WONG, <br><br> Plaintiffs, <br><br> v. <br><br> LAS VEGAS SANDS CORP., a Nevada corporation; VENETIAN CASINO RESORT, LLC, a Nevada Limited Liability Company; LAS VEGAS SANDS, LLC, a Nevada Limited Liability Company, dba VENETIAN RESORT HOTEL CASINO and PALAZZO RESORT HOTEL CASINO; I-X, and JOHN DOES and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT OF PERSONAL INJURY** <br><br> 1. Premises Liability (Nevada State Law) <br> 2. Negligence (Nevada State Law) <br> 3. Loss of consortium (Nevada State Law) <br><br> **JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff JUDY WONG (represented by counsel) and Plaintiff WILLIAM

S. WONG (in Pro Se) for their causes of action against the Defendants alleges as follows:

## JURISDICTION

1. Plaintiffs allege that this Court has jurisdiction over the matter based on diversity

jurisdiction.  The amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and the action is between parties of different states.  This action is brought by the Plaintiffs pursuant to the doctrine of diversity of citizenship, 28 U.S.C. Section 1332, subd. (a), with the Plaintiffs being residents of the State of California, the Defendants being residents of the State of Nevada, incorporated in the State of Nevada, and with their principal place of business in the State of Nevada.

**VENUE**

2. All Defendants reside in the State of Nevada and in the District of Nevada.  Venue is proper in the District of Nevada (Southern Division) pursuant to 28 U.S.C. Section 1391 (b)(1). In addition, the events and omissions giving rise to Plaintiffs' claims occurred within the City of Las Vegas, Nevada.  Venue is proper in the District of Nevada (Southern Division) pursuant to 28 U.S.C. Section 1391 (b)(2).

**PARTIES**

3. That Plaintiff, JUDY WONG, is now, and at all times herein has been a resident of the County of Placer in the State of California.  Plaintiff JUDY WONG has been and continues to be a resident in the State of California since 1963.  That Plaintiff, WILLIAM S. WONG, is now, and at all times herein has been a resident of the County of Placer in the State of California.  Plaintiff WILLIAM S. WONG has been and continues to be a resident in the State of California since 1956.  At all times described herein, Plaintiff JUDY WONG and Plaintiff WILLIAM S. WONG are a married couple.

4. That Defendant, LAS VEGAS SANDS CORP., a Nevada corporation, VENETIAN CASINO RESORT, LLC, a Nevada limited liability company, and LAS VEGAS SANDS, LLC, a Nevada limited liability company, are all incorporated or otherwise created under the laws of Nevada, headquartered in Nevada, and have their principal place of business in Nevada.  The

Defendants own and operate, and do business under the fictitious name of, the VENETIAN

RESORT HOTEL CASINO and PALAZZO RESORT HOTEL CASINO.

5. That the true names and capacities, whether individual, corporate, associate, partnership

or otherwise of Defendants herein designated as LAS VEGAS SANDS I-X, inclusive, JOHN

DOES I-X, inclusive, and ROE CORPORATION I-X, inclusive, are unknown to Plaintiff, who,

therefore, sues said Defendants by such fictitious names.  Plaintiff alleges that each named

Defendant and each Defendant herein designated as JOHN DOES and ROE CORPORATIONS is

negligently, willfully, maliciously, contractually, vicariously, or otherwise legally responsible for

the events and happenings herein referred to and proximately caused injury and damages to

Plaintiffs here alleged.  Plaintiffs will ask leave of this Court to insert the true names and

capacities of such Defendants once discovered in these proceedings.

6. That Defendants JOHN DOES and ROE CORPORATIONS have an ownership interest

in the VENETIAN RESORT HOTEL CASINO and PALAZZO RESORT HOTEL CASINO

and/or were employees who were personally involved in the events alleged here.

7. At all times described herein, all of the Defendants were the agents, servants and

employees of each and every other Defendant and were working and acting within the course and

scope of said employment and agency.

8. At all times pertaining hereto, all Defendants, all JOHN DOES, and all ROE

CORPORATIONS owned and/or controlled and/or occupied premises known as 3325 S. Las

Vegas Blvd., Las Vegas, Nevada 89109, in the State of Nevada, in the City of Las Vegas, where

the public is invited for the purpose of entertainment and lodging.

9. Plaintiffs filed their personal injury complaint in the United States District Court for the

Eastern District of California on August 30, 2021 (Case Number 2:21-cv-01553-KJM-KJN).

Plaintiffs named all of the same Defendants in that complaint as are named here, and based their

1    claims on the same events, circumstances, acts, and omissions alleged here.  The Eastern District

2    Court of California dismissed Plaintiffs' complaint on March 28, 2022 for lack of personal

3    jurisdiction.  The dismissal was without prejudice to file the complaint in another jurisdiction.

4
                                    **FIRST CLAIM FOR RELIEF**
5                                  Premises Liability – Nevada State Law
                                         Against all Defendants
6

7         10. Plaintiffs incorporate by reference as though fully set forth herein the allegations in

8    paragraphs 1 through 9.

9         11. That on or about September 2, 2019, Plaintiff, JUDY WONG, was legally and

10   lawfully upon Defendants' premises, as a customer, business invitee, and patron when JUDY

11   WONG slipped on a wet polished marble floor on her way to the reception area to check out after

12   a night stay and fell on the wet polished marble floor with her fully body weight on the back of

13   her head causing substantial injuries.  JUDY WONG had no notice and was not aware of this

14   dangerous condition before falling.  JUDY WONG exercised ordinary, reasonable care when

15   traversing Defendants' property.

16
          12. Defendants at all times described herein owned, leased, occupied, or controlled the
17
     property where JUDY WONG fell.
18
          13. Defendants failed to exercise ordinary, reasonable care in the inspection, use, or
19
20   maintenance of the property.  Defendants had, or reasonably should have had, actual knowledge

21   and notice of said dangerous condition, and that the Defendants in the exercise of its duty of care

22   should have had such knowledge and notice.

23
          14. Defendants' failures include, but are not limited to, failure to maintain and/or repair
24
25   the property in a reasonably safe condition for the general public, failure to inspect the property

26   for unsafe conditions, failure to warn of unsafe conditions known to them, and creation of an

27   unreasonably dangerous and hazardous condition.  Defendants' failures constitute a substantial
28

factor in causing JUDY WONG'S head and neck injuries.

15. As a direct and proximate result of Defendants' failures, JUDY WONG is entitled to damages for extreme pain and suffering, severe emotional distress in an amount exceeding $3,000,000.  In addition, JUDY WONG is entitled to damages for present and future out-of-pocket medical expenses in an amount to be ascertained.  JUDY WONG is also entitled to an award of attorneys' fees and costs of suit

## SECOND CLAIM FOR RELIEF
Negligence – Nevada State Law
Against all Defendants

16. Plaintiffs incorporate by reference as though fully set forth herein the allegations in paragraphs 1 through 15.

17. Defendants breached a duty owed to Plaintiffs to exercise ordinary, reasonable care to inspect, use, or maintain their property to avoid, prevent, protect against, and warn of, slip and fall dangers.

18. Defendants' breach amounted to the proximate and direct cause of JUDY WONG'S injuries, thereby constituting a substantial factor in causing JUDY WONG to suffer head and neck injuries.

19. As a direct and proximate result of Defendants' failures, JUDY WONG is entitled to damages for present and future extreme pain and suffering and severe emotional distress in an amount exceeding $3,000,000.  In addition, JUDY WONG is entitled to damages for present and future out-of-pocket medical expenses in an amount to be ascertained.  JUDY WONG is also entitled to an award of attorneys' fees and costs of suit

## THIRD CLAIM FOR RELIEF
Loss of Consortium and Companionship – Nevada State Law
Against all Defendants

20. Plaintiffs incorporate by reference as though fully set forth herein the allegations in

paragraphs 1 through 19.

21. That since the aftermath of his wife's (Plaintiff JUDY WONG) injury on September 2, 2019, Plaintiff WILLIAM S. WONG has suffered, and continues to suffer, the loss of consortium and companionship. The loss of consortium and companionship includes, but is not limited to, the physical, psychological, and emotional pain that results when the other spouse is injured and can no longer provide, the love, affection, companionship, comfort, and sexual relations concomitant with normal married life, and the sadness, shock and anguish of seeing a spouse suffering from the kinds of physical and emotional injuries directly and proximately caused by Defendants.

22. That since his wife's injury, WILLIAM S. WONG has suffered, and continues to suffer, the loss of consortium and companionship as it pertains to their normal married sexual relations due to his wife's injury to her neck.  Furthermore, as a result of the injury to his wife, WILLIAM S. WONG suffered and continues to suffer the loss of companionship of his wife as a golf playing partner and golf outings, as well as to physical activities that are now limited due to his wife's injuries.

23. That since his wife's injury on September 2, 2019, WILLIAM S. WONG has suffered, and continues to suffer, the loss of consortium and companionship as to their normal marriage relationship and married life according to proof at trial.

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff JUDY WONG prays for Judgment against the Defendants as follows:

1. For general damages, past and future, in a sum in excess of Three Million Dollars ($3,000,000.00) and according to proof at trial;

2. For special damages for medical care and treatment, and for future medical care and treatment and incident expenses therefor, in a sum in excess of Four Hundred Thousand Dollars

($400,000.00) and according to proof at trial;

3. For a sum in excess of Three Million Dollars ($3,000,000.00) for pain-and-suffering and for extreme emotional distress according to proof at trial;

4. For attorneys' fees and costs of suit herein incurred;

5. For such other and further relief as the Court may deem just and equitable.

WHEREFORE, Plaintiff WILLIAM S. WONG prays for Judgment against the Defendants as follows:

1. For general damages, past and future, in a sum in excess of Two Hundred Thousand Dollars ($200,000.00) and according to proof at trial;

2. For a sum in excess of Two Hundred Thousand Dollars ($200,000.00) for pain and suffering and for extreme emotional distress as a result of loss of consortium and companionship and according to proof at trial;

3. For costs of suit herein incurred;

4. For such other and further relief as the Court may deem just and equitable.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial of all of their claims.


Dated: April 13, 2022            /s/ Erick M. Ferran
                                 ERICK M. FERRAN
                                 Hitzke & Ferran, LLP
                                 Attorneys for Plaintiff JUDY WONG

Dated: April 13, 2022            /s/ William S. Wong
                                 WILLIAM S. WONG
                                 Pro Se
                                 (e-signature expressly authorized on 04/07/2022)