MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
DAVID P. PRITCHETT, ESQ.
Nevada Bar No. 10959
**MESSNER REEVES LLP**
8945 W. Russell Rd., Ste. 300
Las Vegas, Nevada 89148
Tel.: (702)363-5100
Fax: (702) 363-5101
medwards@messner.com
dpritchett@messner.com
*Attorneys for Defendants,*
*Las Vegas Sands Corp.,*
*Las Vegas Sands, LLC, and*
*Venetian Casino Resort, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUDY WONG; and WILLIAM S. WONG,<br><br>    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., a Nevada corporation; VENETIAN CASINO RESORT, LLC, a Nevada Limited Liability Company; LAS VEGAS SANDS, LLC, a Nevada Limited Liability Company, *dba* VENETIAN RESORT HOTEL CASINO and PALAZZO RESORT HOTEL CASINO; I-X, and JOHN DOES and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-00622-RFB-EJY<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

      Defendants, LAS VEGAS SANDS CORP., LAS VEGAS SANDS, LLC, and VENETIAN CASINO RESORT, LLC, by and through their counsel of record; Plaintiff, JUDY WONG by and through her counsel of record; and WILLIAM WONG, hereby stipulate to the terms and conditions of this Stipulated Protective Order and Confidentiality Agreement (hereinafter "Confidentiality Agreement") governing the disclosure, handling and disposition of Documents and information in this litigation as set forth herein and move for entry of the Confidentiality Agreement pursuant to F.R.C.P. 26(c).

/ / /

1. **Need and Application.**

   1.1   The claims in this litigation and the discovery may call for the production of confidential business and personal information, including production of trade secrets and other non-public information of Defendant.

   As to those Documents and information entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of the parties or of third parties. A Confidentiality Agreement is thus needed in this action to enable the Documents to be evaluated, to protect against unauthorized disclosure of confidential information, and to ensure that such information will be used only for purposes of this action.

   1.2   This Confidentiality Agreement shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and which is produced in connection with this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity producing or receiving such information is a party to this litigation.

2. **Confidential Information Defined.**

   2.1   **Confidential Information.**   "Confidential" information may include, but is not specifically limited to, the following types of Documents and/or information: Documents containing Plaintiffs' financial information; Plaintiffs' medical information regarding (i) Drug and alcohol abuse, diagnoses, or treatment, (ii) HIV/AIDS test results, or (iii) Genetic testing information; Documents containing Plaintiff or Defendant employee's employment or employee information; Documents containing Defendant's private, confidential, commercially-sensitive, trade secret, and/or proprietary information including, but not limited to, policies, procedures, practices, handbooks, manuals, security and safety practices, procedures or protocols, benefits guides, training materials, contracts, blueprints, specifications, drawings, incident reporting, video and security surveillance, confidential correspondence concerning the above items; Casino/Resort operations information, including employee policies and procedures and employee training; Casino/Resort surveillance system

information and surveillance recordings; and Documents that contain personal and confidential information about past or present employees and guests of Defendant.

**2.2** **Documents.** As used herein, the term "Documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

**3.** **Designation of Confidential Information.**

**3.1** **Good Faith Claims**. Claims of confidentiality will be made only with respect to Documents; other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Confidentiality Agreement. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

**3.2** **Produced Documents.** A party producing Documents that it believes constitute or contain Confidential Information shall produce copies bearing a label that contains or includes language substantially identical to the following:

CONFIDENTIAL
2:22-cv-00622-RFB-EJY

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.

If any person or party makes copies of Documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing Documents that are stored on electronic or other non-paper media, shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or other persons or entities to whom disclosure is authorized pursuant to the terms of this Confidentiality Agreement to make a copy of any data storage device designated as containing Confidential Information, the receiving party or other authorized person shall

mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the Documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

      3.3    **Interrogatory Answers.** If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information, it shall set forth the appropriate designation in the answer.

      3.4    **Deposition Transcripts.** A party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information. Such designation may occur at the time of any deposition, or within thirty days of receipt of the transcript of any deposition. Until such time has elapsed, deposition transcripts in their entirety are to be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark it appropriately.

      3.5    **Multipage Documents.** A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document *or* on each page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.2 on each page of the document containing Confidential Information.

4.    **Designations by Another Party.**

      4.1    **Notification of Designation.** If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by so notifying all parties in writing within thirty (30) days of service of the document.

**4.2     Return of Documents; Nondisclosure**.  Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party.  Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.  No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the thirty (30) day designation period specified in subparagraph 4.1.  If during the thirty (30) day designation period a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the designating party, in accordance with subparagraphs 3.2 and 7.1.

5.     **Objections to Designations**.

Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage Documents, shall notify the designating party and all other parties of the objection in writing within thirty (30) days of such designation.  If a document is first produced less than sixty (60) days before the then-pending trial date, such notification shall occur within half of the time remaining before trial. This notice must specifically identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.  In accordance with the Federal Rules of Civil Procedure governing discovery disputes, the objecting and the designating parties thereafter shall confer after the date of such objection in an attempt to resolve their differences.  If the parties are unable to resolve their differences, the objecting party shall have twenty-one (21) days after the conference concludes to file with the Court a motion to remove the Confidential Information designation.  If an objection is

served within forty-two (42) days of trial, the objecting party must file its motion to remove the Confidential Information designation within half of the remaining time before trial, and the meet and confer period shall be shortened accordingly.

Where a party authored, created, owns, or controls a document, information or other material that another party designates as Confidential Information, the party that authored, created, owns, or controls the Confidential Information may so inform the objecting party and thereafter shall also be considered a designating party for purposes of this paragraph.

All Documents, information and other materials initially designated as Confidential Information shall be treated as such in accordance with this Confidentiality Agreement unless and until the Court rules otherwise. If the Court rules that a designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the designation described in subparagraph 3.2.

If an objecting party elects not to make such a motion with respect to Documents, information or other materials to which an objection has been made, the objection shall he deemed withdrawn. If such a motion is made, the designating party shall bear the burden of proving that the Documents, information, or other material is entitled to protection under the applicable law.

6. **Custody**.

All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. **Handling Prior to Trial**.

   **7.1** **Authorized Disclosures**. Confidential Information shall be disclosed by the receiving party only to the following persons:

   a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel:

   b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel:

   c. Experts and their staff who are consulted by counsel for a party in this litigation;

    d. Parties to this litigation, limited to the named parties, and, if a party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

    e. Designated in-house counsel and a limited number of assistants, administrative or otherwise;

    f. Outside vendors employed by counsel for copying, scanning and general handling of Documents;

    g. Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony and may not retain a copy of such Confidential Information; and

    h. The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

Confidential Information may not be disclosed to persons under subparagraph 7.1(c) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto, that he or she has received a copy of this Confidentiality Agreement and has agreed to be bound by it.  A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what Documents have been disclosed, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order.  Furnishing the written acknowledgements and disclosure list to the Court shall not constitute· a waiver of the attorney work product or attorney client privilege. Disclosure of Confidential Information to the Court supervising this litigation, including judicial staff, shall be made in accordance with subparagraph 7.4 of this Confidentiality Agreement.

    **7.2**     **Disclosure to Competitors**. In general, Confidential Information may not be disclosed to competitors of a designating party.  However, if at any time such disclosure is believed to be necessary to advance the interest of a party, then before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the

1 designating party, stating the names and addresses of the person(s) to whom the disclosure will be
2 made, and identifying with particularity the Documents to be disclosed. If, within the fourteen (14) day
3 period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and
4 until the Court orders otherwise. For purposes of this Confidentiality Agreement, competitor" is defined
5 as any person or entity that designs, manufactures, assembles or supplies products to or for the
6 market(s) served by the designating party ("competitive products") or components of competitive
7 products.

8       **7.3**     **Unauthorized Disclosures**. All persons receiving Confidential Information under the
9 terms of this Confidentiality Agreement agree to the jurisdiction of the state courts and U.S. federal
10 courts located in Nevada for all matters arising from the improper disclosure or use of such information.
11 If Confidential Information is disclosed to any person other than in the manner authorized by this
12 Confidentiality Agreement, the party or person responsible for the disclosure, and any other party or
13 person who is subject to this Confidentiality Agreement and learns of such disclosure, shall
14 immediately bring such disclosure to the attention of the designating party. Without prejudice to other
15 rights and remedies of the designating party, the responsible party or person shall make every effort to
16 obtain and return the Confidential Information and to prevent further disclosure on its own part or on
17 the part of the person who was the unauthorized recipient of such information.

18       In the event any party other than the designating party intentionally or knowingly violates this
19 Stipulated Protective Order, the violating party may be subject to sanctions commensurate with the
20 severity of the violation.

21       In the event a party other than the designating party intentionally or knowingly publicly files
22 any Document designated as Confidential in violation of this Stipulated Protective Order, the violating
23 party consents that the filing shall be stricken from the record in its entirety upon a motion to strike the
24 filing by the designating party.

25       **7.4**     **Court Filings**.  In the event any Confidential Information must be filed with the Court
26 prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure.  In accordance
27 with these rules, the proposed filing shall be accompanied by a motion to file the Confidential

Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

**8. <u>Care in Storage.</u>**

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

**9. <u>Handling During Trial</u>.**

Confidential Information that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party,

**10. <u>No Implied Waivers</u>.**

Execution of this Confidentiality Agreement shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of Documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Confidentiality Agreement. Neither the agreement to, or the taking of any action in accordance with the provisions of this Confidentiality Agreement, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**11. <u>No Admission</u>.**

Neither this Confidentiality Agreement nor the designation of any item as Confidential Information shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**12. <u>Inadvertent Disclosure</u>.**

Nothing in this Confidentiality Agreement abridges applicable law concerning inadvertent disclosure of a document that the Disclosing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. If a party inadvertently discloses Documents or information subject to a claim of privilege or work product protection, such disclosure

will not waive otherwise applicable claims of privilege or work product protection under applicable law. Upon discovery by the Receiving Party, or receipt of written notice from the Disclosing Party identifying privileged or Protected Documents that were inadvertently produced, the receiving party shall within seven (7) business days either: (a) return or certify the destruction of all such Documents, all copies, and any work product or portions of any work product containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and tender the subject Documents for *in camera* review with the motion. The moving party shall do nothing to compromise the privilege claim until the Court rules on said motion and the opportunity for appellate review is exhausted or the issue is otherwise resolved.

13. **Parties' Own Documents**.

This Confidentiality Agreement shall in no way restrict the parties in their use of their own Documents and information, and nothing in this Confidentiality Agreement shall preclude any party from voluntarily disclosing its own Documents or information to any party or nonparty.

14. **Motion to Compel Production of Confidential Information**.

If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information covered by this Confidentiality Agreement, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally produced and/or designated such information. Nothing in this Confidentiality Agreement shall be construed as requiring the party who is ordered to produce such Confidential Information to

challenge or appeal any order requiring the production of such information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

15. **No Effect on Other Rights**.

This Confidentiality Agreement shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information. This Confidentiality Agreement shall not affect the Nevada Rules for Sealing and Redacting Court Records (SRCR).

16. **Modification**.

In the event any party hereto seeks it Court order to modify the terms of this Confidentiality Agreement or seeks a protective order which incorporates the terms and conditions of this Confidentiality Agreement said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

17. **Handling upon Conclusion of Litigation**.

Following the conclusion of litigation in this above-captioned civil action (including final appellate action or the expiration of time to appeal or seek further review), and upon the written request of the party designating Documents as "Confidential," all parties, counsel, and persons to whom disclosure was made agree to return all Confidential Information to the designating party within ninety (90) days of the written request. In addition, counsel shall certify in writing that all such Confidential Information have been returned. Additionally, counsel for each party shall contact each person to whom that party has provided a copy of any Confidential Information and request the Documents be returned.

In lieu of returning Confidential Information, the person or party in possession of such information may elect to destroy it. If the person or party in possession of Confidential Information elects to destroy it rather than return it, that person or party must notify the designating party in writing of the destruction of same within ninety (90) days of the written request described above.

18. **Motion for Protective Order**.

Nothing in this Stipulated Protected Order shall preclude any party from applying to the Court for additional or different provisions in respect to specific Documents should the need arise during this action. The Court shall maintain jurisdiction over the issue of confidentiality of the Documents described in this Stipulated Protective Order and reserves the right to make additional findings or determinations with respect to whether the document(s) should be sealed.

19. **Effect of Breach**.

The parties to this Confidentiality Agreement recognize that a breach of this Agreement would cause substantial harm to the operations, business and goodwill of the Designating Party.

20. **Remedies**.

The parties acknowledge, that they have been informed that if they breach this Agreement, the Designating Party(ies) may obtain preliminary and permanent court injunctions to stop the breach, and may also initiate an action to recover from the breaching party an amount equal to the damages caused by the breach and the loss of revenues derived from the breach, together with all costs and expenses, including the attorney's fees, incurred by Designating Party(ies) in taking such actions.

21. **Governing Law**.

This Agreement shall be governed and construed in accordance with the Laws of the United States and the State of Nevada and all parties consent to the non-exclusive jurisdiction of the state courts and U.S. federal courts located in Nevada for any dispute concerning the breach of this Agreement.

22. **Survival of the Terms of this Confidentiality Agreement**.

Even after the termination of this litigation, the confidentiality obligations imposed by this Confidentiality Agreement shall remain in effect until a Designating Party otherwise in writing or a court order otherwise directs.

///

///

///

23. **Final Agreement**.

This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by all parties.

**IT IS SO STIPULATED.**

DATED this 14th day of December 2022.

HITZKE & FERRAN, LLP

/s/ Erick M. Ferran
Erick M. Ferran, Esq.
Nevada Bar No. 9554
2110 E. Flamingo Road, Suite 206
Las Vegas, NV 89119
*Attorneys for Plaintiff Judy Wong*

DATED this 14th day of December 2022.

LAW OFFICES OF JOHNNY L. GRIFFIN III

/s/ Manolo Olaso
Johnny L. Griffin, III Esq.
California Bar No. 118694
Manolo Olaso, Esq.
California Bar No. 195629
1010 F Street, Suite 200
Sacramento, CA 95814
*Attorneys for Plaintiff Judy Wong*
*Admitted to Practice Pro Hac Vice*

DATED this 16th day of December 2022.

/s/ William S. Wong
William S. Wong
P.O. Box 466
Meadow Vista, CA 95722
*Pro Se Plaintiff*

DATED this 14th day of December 2022.

MESSNER REEVES, LLP

/s/ David Pritchett
Michael M. Edwards, Esq.
Nevada Bar No. 6281
David P. Pritchett, Esq.
Nevada Bar No. 10959
8945 W. Russell Rd., Ste. 300
Las Vegas, Nevada 89148
*Attorneys for Defendants, Las Vegas Sands Corp., Las Vegas Sands, LLC, and Venetian Casino Resort, LLC*

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

**Dated:  December 16, 2022**