# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDY WONG, *et. al.*, | Case No. 2:22-cv-00622-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| LAS VEGAS SANDS CORP., *et al.*, | |
| Defendants. | |

Before the Court are Defendants' motions for summary judgment (ECF Nos. 56, 57). For the following reasons, the Court denies both motions.

## I. PROCEDURAL HISTORY

Plaintiffs Judy Wong and William S. Wong initiated this action by filing a Complaint on April 13, 2022. ECF No. 1. Plaintiffs bring three causes of action stemming from Judy Wong's slip and fall at one of Defendants' properties. Id. Defendants Las Vegas Sans Corp., Las Vegas Sands, LLC, and Venetian Casino Resort, LLC filed a motion to dismiss on June 21, 2022. ECF No. 11. The motion was fully briefed by July 12. ECF Nos. 14, 17, 18, 20. On March 10, 2023, the Court held a hearing and denied the motion to dismiss. ECF No. 36.

On February 19, 2024, Defendants filed an emergency motion to extend time. ECF No. 48. The next day, the Court found that one day after the close of discovery on February 16, Plaintiffs had produced a critical medical document that Defendants' expert needed time to review. Id. On February 28, 2024, after a joint status report was submitted by the parties, the Court denied the emergency motion as moot. ECF No. 51.

On April 30, 2024, Defendants moved to strike Plaintiffs' medical special damages expert witness, Julie Stewart. The motion was fully briefed by May 21. ECF Nos. 53, 54, 55. On July 19, 2024, the Court denied the motion without prejudice and with leave to refile following the

deposition of Julie Stewart. ECF No. 65.

On June 21, 2024, Defendants Las Vegas Sans Corp. and Las Vegas Sands, LLC filed the instant motion for summary judgment, asserting that these Defendants, collectively referred to as the "Las Vegas Sands Entities," are improper parties to this action. ECF No. 56. The same day, all Defendants filed the other instant motion for summary judgment or, in the alternative, motion for partial summary judgment. ECF No. 57. Both motions were fully briefed by July 29, 2024. ECF Nos. 59, 60, 62, 63, 66, 67, 68.

On November 22, 2024, Defendants re-raised their motion to strike Plaintiffs' expert. ECF No. 70. Plaintiffs filed a non-opposition to the motion on December 6, 2024. ECF Nos. 71, 73. On December 7, the Court granted the motion, stating that the order "does not necessarily preclude Plaintiff Judy Wong from timely identifying Julie Stewart as a lay witness so long as Plaintiff can meet the standards under FRE 701[.]" ECF No. 72.

The Court's Order follows.

## II.   FACTUAL BACKGROUND

The Court finds that the following facts are undisputed, and that the parties do not genuinely dispute any material facts.

On September 2, 2019, at approximately 11:26 a.m., Plaintiff Judy Wong was involved in a slip and fall incident at the Palazzo Resort in Las Vegas, Nevada. The incident involved the presence of a clear liquid spill on the floor of the resort created by an unknown guest of the Palazzo, rather than an employee of Palazzo / Venetian resorts. The guest was carrying a cooler that spilled the liquid on the floor minutes before Plaintiff fell. The spill was observed by a Venetian / Palazzo employee, who immediately went to the location of the spill and began warning guests of it.

On August 30, 2021, Plaintiffs filed a complaint with the United States District Court in the Eastern District of California, asserting a premises liability negligence claim against Defendants based on the 2019 incident. On March 28, 2022, the Eastern District of California dismissed Plaintiffs' action.

## III.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV.   DISCUSSION

The Court begins by considering the Las Vegas Sands Entities' motion for summary judgment arguing that neither are proper parties to this action. The Court then turns to the merits of Defendants' second motion for summary judgment.

**A. Las Vegas Sands Entities' Motion for Summary Judgment**

Defendants Las Vegas Sands, LLC and Las Vegas Sands Corp. argue that they are entitled to judgment as a matter of law, as Defendant Venetian Casino Resort, LLC owned and operated the Palazzo Resort wherein the subject incident occurred. Plaintiffs, in turn, argue that Defendant Venetian Casino Resort, LLC is an alter ego of the Las Vegas Sands Entities for liability purposes.

Under the principle of corporate separateness, the actions of a subsidiary company are generally not attributable to its parent corporation. See Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003). But this principle may yield where a subsidiary is so dominated by its parent that the two corporations are, as a practical matter, the same entity. See, e.g., Polaris Indus. Corp. v.

1  Kaplan, 747 P.2d 884, 886 (Nev. 1987).

2  To demonstrate alter ego status, one must show "that the subsidiary corporation is so organized and controlled, and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation." Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2, 596 P.2d 227, 229 (Nev. 1979). Alter ego liability is established when a preponderance of the evidence shows: (1) the corporation must be influenced and governed by the person asserted to be its alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice. Truck Ins. Exch. v. Palmer J. Swanson, Inc., 189 P.3d 656, 660 (Nev. 2008).

Before turning to the merits of each of these elements, the Court first takes judicial notice of the 2019 and 2022 Annual Reports to the United States Securities and Exchange Commission, Form 10-K, provided by Plaintiffs. Judicial notice is appropriate only for facts "not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Rule 201 permits a court to take judicial notice of "matters of public record outside the pleadings." Plevy v. Haggerty, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998). "It is ... 'well-established that courts may take judicial notice of SEC filings,' which are matters of public record." Fluor Corporation v. Resolute Management, Inc., No. 8:21-cv-01907, 2022 WL 2101891, at *2 (C.D. Cal. May 4, 2022) (citation omitted). Accordingly, the Court takes judicial notice of the 2019 and 2022 Annual Reports from Las Vegas Sands Corporation filed with the SEC. See In re Facebook, Inc. Secs. Litig., 477 F. Supp. 3d 980, 1010 (N.D. Cal. 2020) (finding that judicial notice of Facebook's 2017 Annual Report on Form 10-K "is appropriate because it is a public filing made by Facebook with the SEC and is thus a matter of public record, not subject to reasonable dispute").

The Court now weighs the aforementioned Truck Ins. Exch. factors. For the following reasons, the Court finds that the Las Vegas Sands Entities and Venetian Casino Resort, LLC are alter-egos. Accordingly, Defendants' motion for summary judgment is denied.

### i. *Influenced and Governed by the Same Person*

The Court finds that Las Vegas Sands Corp.'s 2019 Annual Report to the SEC establishes that the Sands entities and Venetian Casino Resort are influenced and governed by the same person. The Report clearly states that Sheldon G. Adelson, the Chairman of the Board and Chief Executive Officer, with a controlling interest of 57 percent of the outstanding common stock in 2019, owned and operated the corporation's integrated resorts, which includes the Venetian and Palazzo. Defendants have not offered any evidence that sufficiently rebuts this assertion. As such, the Court finds that whether the disputed companies are influenced and governed by the same person are not in genuine dispute.

### ii. *Unity of Interests*

Generally, the commingling of funds, shared operations, shared headquarters, shared bank accounts, or failure to observe corporate formalities shows unity of interest or ownership. Truck Ins. Exch., 189 P.3d at 660-61; Bonanza, 596 P.2d at 230.

The evidence on the record reflects that there was a sufficient unity of interest or ownership between Las Vegas Sands Corp. and Venetian Casino Resort, LLC. Plaintiffs cite to evidence of a commingling of funds and shared operations. As for the former, the Annual Report describes Las Vegas Sands Corp.'s business as the development of integrated resorts, including the Venetian / Palazzo, and that it relies on its subsidiaries, including Venetian Casino Resort, LLC, to raise cash. Specifically, the Report states that "[w]e are a parent company with limited business operations of our own. Our main asset is the capital stock of our subsidiaries." As evidence of shared operations, Plaintiffs cite to the part of the Report that describes Las Vegas Sands Corp.'s as conducting "most of our business through our direct and indirect subsidiaries." The Court finds that this evidence is sufficient to establish the unity of interest or ownership between Las Vegas Sands Corp. and Venetian Casino Resort, LLC.

The evidence on the record also reflects that the Las Vegas Sands, LLC shares a unity of interest or ownership with Venetian Casino Resort, LLC. Plaintiff cites to sections of the Annual Report which state that Las Vegas Sands, LLC, is licensed by Nevada gaming authorities to operate the resort hotel and that Venetian Casino Resort, LLC, is "a key employee of" Las Vegas Sands,

LLC. The Court similarly finds this sufficient to establish a level of shared interest, ownership, and control of Venetian Casino Resort, LLC, and Las Vegas Sands, LLC.

### iii. *Promoting Injustice*

The Court finds that Plaintiffs have shown that the facts are such that adherence to the fiction of separate entities would promote injustice. Plaintiffs reference the fact, noted in the 2022 Annual Report to the SEC, that Venetian Casino Resort, LLC is currently a discontinued operation. By virtue of this fact, Plaintiffs argue that adherence to the fiction of separate entities would promote injustice by effectively ensuring that Plaintiffs would not be able to collect on any judgment from Venetian Casino Resorts as a defunct and nonexistent entity. For purposes of this prong, "[i]t is enough if the recognition of two entities as separate would result in injustice." Frank McCleary Cattle Co. v. Sewell, 317 P.2d 957, 959 (Nev. 1957). The Court finds that adhering to the severance of the corporate entities would result in injustice as argued by Plaintiffs.

Therefore, the Court finds that Defendant Venetian Casino Resort, LLC is an alter ego of the Las Vegas Sands Entities and Defendants' motion for summary judgment is denied as such.

### B. Second Motion for Summary Judgment

The Court now turns to the merits of Defendants' second motion for summary judgment. Defendants raise two primary arguments. First, they argue that the applicable statute of limitations under Nevada law bars Plaintiffs' claims. Second, Defendants move for summary judgment on two elements of Plaintiffs' premises liability claims.

### i. *Statute of Limitations*

Defendants first argue that Plaintiffs failed to initiate this action within the applicable time period as defined by Nevada's statute of limitations. The Court declines to consider this argument because it has already equitably tolled the limitations period in its ruling on Defendants' motion to dismiss.

The two-year limitations period under NRS 11.190(4)(e) is subject to equitable tolling. Fausto v. Sanchez-Flores, 482 P.3d 677, 679 (Nev. 2021). "[E]quitable tolling is a nonstatutory remedy that permits a court to suspend a limitations period and allow an otherwise untimely action to proceed when justice requires it." Id. at 680. To equitably toll the two-year limitations period in

NRS 11.190(4)(e), a plaintiff must show (1) diligent action in pursuing the claim, and (2) that "extraordinary circumstances" beyond the plaintiff's control caused the claim to be filed outside the limitations period. Id. at 682.

In a March 10, 2023, hearing – the transcript of which serves as the Order of the Court – the Court found that "the standards for equitably tolling the case under Nevada law have been met based upon the efforts of the plaintiffs in this case and based upon the information that they had at the time[.]" Defendants do not raise new arguments pertaining to the diligence or extraordinary circumstances of Plaintiffs. The Court, therefore, has already considered Defendants' arguments and it has found that both elements for equitable tolling had been met under Nevada law. The Court declines to consider the re-raised argument on summary judgment.

### ii. Constructive Notice

Finally, Defendants argue that it is undisputed that Defendants did not create the liquid spill on the floor, and that the Venetian was immediately aware of the spill, eliminating the constructive notice element of Plaintiffs' claim. Defendants argue that is undisputed that the liquid spill involved in the incident was created by a guest of The Palazzo Resort, not by an employee or agent of The Palazzo Resort. Additionally, Defendants argue that it is undisputed that a Palazzo Team Member witnessed a guest spill their cooler on the floor, and immediately went to the location of the spill and began warning guests of the presence of the spill on the floor. As such, there is no evidence that would support the "constructive notice" element of Plaintiffs' premises liability negligence claim against Defendants. Therefore, Defendants seek partial summary judgment on the element of constructive notice.

In Nevada, a business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). This duty is triggered when there exists a temporary hazardous condition on the property, such as a foreign substance on the floor. Eldorado Club v. Graff, 377 P.2d 174, 176 (Nev. 1962); Asmussen v. New Golden Hotel Co., 392 P.2d 49, 50 (Nev. 1964). If an employee caused the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant." Eldorado Club, 377 P.2d at 175. Here,

Defendants are correct that this does not apply as it was a third-party that was responsible for the spilled liquid.

However, if a third party caused the temporary hazardous condition, the business is liable only if it had actual or constructive notice of the hazard and failed to remedy it. FGA, Inc. v. Giglio, 278 P.3d 490, 496 (Nev. 2012). The business is charged with constructive notice of a hazardous condition if a reasonable inspection would have revealed such a condition. Twardowski v. Westward Ho Motels, Inc., 476 P.2d 946, 947–948 (Nev. 1970).

Defendants had constructive notice of the hazardous condition. It is undisputed that an employee was aware of the spill. Whether that employee acted sufficiently to remedy the hazard is a question of fact. The court finds, absent additional facts, that it is most appropriate for a jury to determine whether Defendants were negligent in their response to the spill. Defendants' motion for partial summary judgment is denied.

### V.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Las Vegas Sans Corp. and Las Vegas Sands, LLC's motion for summary judgment, (ECF No. 56), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, (ECF No. 57), is **DENIED**.

**DATED:** March 31, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**